Opinion issued September 18, 2003

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00905-CR






AARON CESTRO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 903294






MEMORANDUM OPINION


 Appellant, Aaron Cestro, pleaded guilty to the felony offense of aggravated
robbery and pleaded true to enhancement paragraphs, which alleged two prior felony
convictions. Pursuant to an agreement with the State, the trial court assessed
appellant's punishment at 30 years' confinement. Appellant's sole point of error
challenges the denial of his pretrial motion to suppress his identification by an out-of-court lineup. Appellant contends that the affidavit supporting issuance of the
"pocket" (1) warrant against his person contained false information. We affirm. 

Background

 As the 79-year-old complainant, Mary Nantz, was returning home and walking
to her mailbox early one evening, she noticed two young black men walking by her
home. One of them turned back, grabbed Nantz's purse, and pushed her to the ground
when she resisted. The man ran away with the purse, which contained Nantz's credit
card. Nantz received emergency medical treatment for her injuries. A neighbor, John
Rulon, who lived about a block away from Nantz, had arrived at his home at about the
same time as Nantz and was unloading groceries from his car. Rulon described two
similar young men who passed near his home as Rulon was coming out of his home
after putting groceries away. The men stopped near Rulon's car and attempted to take
something from his car, but desisted when they saw Rulon. 

 Police officers investigated and alerted merchants in the area to watch for
anyone who might attempt to use Nantz's stolen credit card. A clerk at one of the
stores produced a receipt showing that the card was used about forty minutes after the
robbery. The clerk identified the card user as a regular customer of the store. 

 Eight days after the robbery, the store clerk alerted police that he had seen the
person who had used the stolen card and provided that person's license-plate number. 
Based on this information, police arrested Cachae Perry and charged her with credit-card abuse. After Perry was arrested, Houston Police Department Detective Tom Keen
showed her a photograph of appellant. Perry identified the person in the photo as her
live-in boyfriend, but denied that he had given her the stolen credit card, and claimed
that a stranger had given it to her. 

 Detective Keen found Perry's story doubtful and placed appellant's photograph
among an array of photographs of five other young black males of similar build,
features, and hair, skin, and eye color. Keen showed this array to both Nantz and
Rulon. According to the probable-cause affidavit for the arrest warrant for appellant,
Rulon "positively" identified appellant from the array, and Nantz "tentatively"
identified appellant as her robber and attacker. An arrest warrant was issued, and
appellant was placed in a live lineup, from which Nantz identified him as her assailant. 
Appellant moved to suppress the lineup identification by Nantz.Motion To Suppress

 In his sole point of error, appellant contends that the trial court erred by refusing
to suppress Nantz's lineup identification. We generally review a trial court's ruling
on a motion to suppress for abuse of discretion. Balentine v. State, 71 S.W.3d 763,
768 (Tex. Crim. App. 2002); Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App.
1999); Shpikula v. State, 68 S.W.3d 212, 217 (Tex. App.--Houston [1st Dist.] 2002,
pet. ref'd). 

 We defer to the trial court's determination of historical facts in applying this
standard and review the court's application of search-and-seizure law de novo. 
Balentine, 71 S.W.3d at 768; Shpikula, 68 S.W.3d at 218. To support a finding of
probable cause, a warrant must provide the magistrate with sufficient information to
support an independent judgment that probable cause exists. McFarland v. State, 928
S.W.2d 482, 509 (Tex. Crim. App. 1996). In determining the sufficiency of an
affidavit, a reviewing court is limited to the four corners of the affidavit, and the
issuing magistrate's determination should be given great deference, and sustained as
long as there was a substantial basis for issuing the warrant. See id.; Ramos v. State,
934 S.W.2d 358, 363 (Tex. Crim. App. 1996). A reviewing court may not determine
probable cause de novo and may only decide whether substantial evidence supports
the issuing magistrate's decision. See Meeks v. State, 851 S.W.2d 373, 376 (Tex.
App.--Houston [1st Dist.] 1993, pet. ref'd). 

 Appellant moved to suppress all evidence derived as a result of the arrest
warrant on the grounds that the affidavit supporting the warrant did not state sufficient
probable cause for a magistrate to believe that the appellant had committed a criminal
offense. At the hearing on appellant's motion to suppress, Detective Keen testified
that Rulon had merely "tentatively" identified appellant from the photos in the array. 
With respect to Nantz, Keen explained that Nantz "could not be sure" about her
identification of appellant from the photo array. Also testifying at the hearing on
appellant's motion to suppress, Nantz confirmed Keen's testimony that Nantz was
fairly certain, but not absolutely certain, about identifying appellant from the array of
photos, but she also testified that she "kept going back" to the same photo, that of
appellant, because of the shape of the head and the facial features. 

 Appellant argued at the hearing on the motion to suppress that a discrepancy
between Detective Keen's affidavit and his testimony at the hearing required that
Detective Keen's statement of positive identification should have been disregarded
from Keen's affidavit. Appellant further claimed that Keen's affidavit was insufficient
to support probable cause to issue a "pocket" warrant to arrest appellant without the
statement of positive identification. The trial court rejected appellant's challenge and
found Detective Keen's affidavit sufficient to support issuance of a warrant for
appellant's arrest, based in part on Nantz's tentative identification of appellant. 
Appellant now contends that the trial court erred by overruling his motion to suppress
because Detective Keen made false statements concerning both Nantz's and Rulon's
identifications in the probable cause affidavit of the arrest warrant. 

 Challenges to the truth of probable-cause affidavits trigger the standards
established in Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978). In Franks,
the Supreme Court held that a defendant is entitled to a hearing on his motion to
suppress on a preliminary showing that a probable-cause affidavit contained a material
falsehood, made knowingly, intentionally, or recklessly. See Franks, 438 U.S. at 155,
98 S. Ct. at 2676. The defendant must state allegations of deliberate falsehood or of
reckless disregard for the truth, and the allegations must be accompanied by an offer
of proof that identifies the portion of the warrant affidavit claimed to be false. Franks,
438 U.S. at 171, 98 S. Ct. at 2684. The defendant must also show that the remainder
of the affidavit is insufficient to support issuance of the warrant. Dancy v. State, 728
S.W.2d 772, 781 (Tex. Crim. App. 1987).

 In moving the trial court to suppress Nantz's identification, appellant argued
that the affidavit was insufficient to support probable cause to issue the arrest warrant. 
Appellant's motion did not allege or preliminarily show a deliberate falsehood or
reckless disregard, as required by Franks, did not specify which portion of Detective
Keen's affidavit was false, and did not contend that the remainder of the affidavit was
not sufficient to support issuance of the warrant. See Dancy, 728 S.W.2d at 781. (2) At
the conclusion of the hearing on the motion to suppress, appellant pointed out what
he perceived as a discrepancy between Keen's affidavit and his testimony at the
hearing. Appellant urged the trial court to suppress his post-warrant identification by
lineup because Keen had falsely stated, in his affidavit, that Nantz had "positively"
identified appellant from the array of photos, but stated at the hearing that Nantz was
not certain about identifying appellant from the array. As addressed above, Detective
Keen's affidavit described Nantz's identification as "tentative." The statement of
positive identification referred to Rulon. Appellant never claimed that Keen made the
allegedly false statement knowingly and intentionally or with reckless disregard for
the truth. See Franks, 438 U.S. at 171, 98 S. Ct. at 2683; Dancy, 728 S.W.2d at 781. 
 Even if appellant had preserved and presented a Franks claim, Detective Keen's
affidavit would withstand scrutiny as sufficient to support issuance of an arrest
warrant for appellant. As Franks recognized, a warrant may be valid under settled law
of the forum if, after setting aside the inaccurate statement of a positive identification
of appellant, the remainder of the probable-cause affidavit is otherwise sufficient to
support a finding of probable cause. See Franks, 438 U.S. 171-72, 98 S. Ct. at 2684-85. 

 Apart from any reference to a "positive" identification of appellant, Detective
Keen's affidavit in this case reveals the following: (1) Nantz stated that she saw two
young black men walk past her sidewalk before one turned around and robbed her; (2)
Nantz tentatively identified appellant as her robber and attacker; (3) the neighbor,
Rulon, also saw two young black men appear to try to steal something from his car;
(4) Nantz's stolen credit card was used approximately forty minutes after the robbery;
(5) a store clerk twice identified the customer using the stolen credit card as
appellant's live-in girlfriend, Cachae Perry; (6) Perry was subsequently arrested and
charged for credit card abuse. 

 Constrained to the four corners of the affidavit and according the required
deference to the magistrate, see McFarland, 928 S.W.2d at 509, we conclude that
Detective Keen's affidavit provided sufficient information to support the magistrate's
independent judgment that probable cause existed for the issuance of the arrest warrant
against appellant. We further conclude that the trial court did not err by denying
appellant's motion to suppress.

 We overrule appellant's sole point of error. 




 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).
1. Appellant was arrested before formal criminal charges were filed pursuant to
an arrest warrant issued under article 15.03 of the Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann. art. 15.03 (Vernon 1977). 
2. Accordingly, the trial court was under no obligation to conduct a hearing on
appellant's motion to suppress. See Franks, 438 U.S. at 171, 98 S. Ct. at 2683;
Robuck v State, 40 S.W.3d 650, 653 (Tex. App.--San Antonio 2001, pet.
ref'd).