

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00638-CR

Joe **LEE**,
Appellant

v.

The **STATE** of Texas

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR10795
Honorable Sid L. Harle, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  March 18, 2015

AFFIRMED

Joe Lee appeals his conviction for trademark counterfeiting, arguing the trial court erred by denying his motion to suppress because a search warrant affidavit did not establish probable cause to search his home. We affirm.

### BACKGROUND

A magistrate judge issued a warrant authorizing a search of Lee's home based on the affidavit of Detective Daniel Jimenez of the San Antonio Police Department.

Because our review is limited to the four corners of the search warrant affidavit, we outline the facts stated in Officer Jimenez's affidavit. Officer Jimenez's affidavit stated he believed Lee

committed the offense of trademark counterfeiting and suspected Lee possessed evidence of the offense in his home. Jimenez found an online advertisement for an Insanity fitness product for $95.00 and knew, through his training and experience in investigating fraud, the retail price for the product was $118.00. Jimenez met with Lee, who had posted the online advertisement, at a Diamond Shamrock where Lee sold the product to Jimenez. Jimenez inspected the product and thought it was not a true and genuine Insanity product. Jimenez mentioned Lee's other online advertisements, and Lee stated he also sold Brazil Butt Lift and P90X for $95.00. After this meeting, other undercover detectives followed Lee back to his home. Jimenez thereafter confirmed that the Insanity product was counterfeit with the legal department of Beachbody, LLC, the maker of the product. Four days later, an undercover detective drove to the block of Lee's residence and observed Lee leave his house carrying a white package. Lee met with another undercover detective and sold him a Brazil Butt Lift product matching the description of the white package with which Lee was observed leaving his home. Jimenez stated that based on training and experience in investigating financial crimes, he believed records confirming Lee's criminal conduct would be found in Lee's home.

A magistrate judge executed a search warrant for Lee's home. Lee was thereafter indicted for trademark counterfeiting $1,500-$20,000, and Lee moved to suppress all tangible evidence obtained from the search and testimony about such evidence. The trial court denied the motion, finding the affidavit was sufficient to establish probable cause to search Lee's home. Lee accepted a plea bargain and pled guilty to a lesser-included offense of trademark counterfeiting $20-$500. Lee's punishment was assessed at 180 days' confinement, but it was probated and Lee was placed on one year of community supervision. Lee filed a timely notice of appeal.

**MOTION TO SUPPRESS**

A warrant to search a home must be based on probable cause. U.S. CONST. amend IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 18.04 (West Supp. 2014). In determining whether an affidavit provides probable cause to support the issuance of a search warrant, a trial court makes no credibility determinations and is constrained by the four corners of the affidavit. *Cardoso v. State*, 438 S.W.3d 815, 819 (Tex. App.—San Antonio 2014, no pet.). When reviewing a magistrate's decision to issue a search warrant, we apply a "highly deferential standard" because of the constitutional preference for searches to be conducted pursuant to a warrant. *Id.* After reviewing the supporting affidavit in a "commonsensical and realistic manner," we must uphold the magistrate's decision so long as the magistrate had a substantial basis for concluding that probable cause existed based on the four corners of the affidavit and reasonable inferences therefrom. *Id.*

Probable cause for a search warrant exists when, viewed under the totality of the circumstances, there is a fair probability that evidence of a crime will be found at the specified location. *State v. McLain*, 337 S.W.3d 268, 272 (Tex. Crim. App. 2011). "In general, to connect the suspected [illegal items] with the defendant's premises, courts have found 'controlled buys' and police verification of the events taking place before and after the 'controlled buy' to be sufficient." *State v. Ozuna*, 88 S.W.3d 307, 312 (Tex. App.—San Antonio 2002, pet. ref'd); *see, e.g.*, *Carrillo v. State*, 98 S.W.3d 789, 791–92, 795 (Tex. App.—Amarillo 2003, pet. ref'd) (holding that statements in an affidavit that suspect was observed leaving home to sell drugs and returning home established probable cause that drugs could be found in the home).

Officer Jimenez's affidavit states Lee met Jimenez, sold a counterfeit product, admitted to posting online advertisements for fitness products that he sold at a below-retail price, and then returned to his home. The affidavit stated that a few days later, Lee was observed leaving his home

with another fitness product in a white package, meeting an undercover detective, selling the product, and then returning home. These facts support a reasonable inference that Lee was selling below-retail priced fitness products, at least some of which were counterfeit, from his home.

Lee argues this case is similar to *Taylor v. State*, 54 S.W.3d 21 (Tex. App.—Amarillo 2001, no pet.), *State v. Ozuna*, 88 S.W.3d 307 (Tex. App.—San Antonio 2002, pet. ref'd), and the companion cases of *Robuck v. State*, 40 S.W.3d 650, 651 (Tex. App.—San Antonio 2001, pet. ref'd), and *Bradshaw v. State*, 40 S.W.3d 655 (Tex. App.—San Antonio 2001, pet. ref'd). We disagree. In *Taylor*, our sister court held the affidavit provided no explanation linking the physical address to be searched with an AOL screenname that sent child pornography online to an officer. 54 S.W.3d at 24-26. In *Ozuna*, we held a search warrant affidavit was insufficient because it "contained no evidence connecting the suspected heroin to Ozuna's *premises*." 88 S.W.3d at 313. And in *Robuck* and *Bradshaw*, we held that an affiant's statement that a box of marijuana was intercepted as it was being shipped to a suspect's home was not sufficient to support probable cause to search the suspect's home for additional drugs. *Robuck*, 40 S.W.3d at 655; *Bradshaw*, 40 S.W.3d at 661. Here, however, the facts in Jimenez's affidavit connected Lee's conduct of selling of a counterfeit fitness product to a business he ran out of his home. Under our highly deferential review, we hold these facts constitute a substantial basis to conclude there was a fair probability that evidence of trademark counterfeiting would be found in Lee's home.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH