**Martin Lane MAYFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–90–00078–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 14, 1990.

Joe Slator Petsch, Del Rio, for appellant.

Carmen Rivera–Worley, Del Rio, for appellee.

Before PEEPLES, BIERY and ONION[1], JJ.

## OPINION

ONION, Justice (Assigned).

This is an appeal from a conviction in a bench trial for the possession of a usable quantity of marihuana of less than two ounces. The punishment was assessed by the court at confinement in the county jail for thirty (30) days and a fine of $400.00. The imposition of the sentence was suspended and the appellant was placed on probation for six (6) months.

At a pre-trial hearing the trial court overruled appellant's motion to suppress evidence. The motion alleged that the underlying affidavit for the search warrant in question was legally insufficient because it failed to inform the magistrate of "some underlying circumstances from which the informant concluded that the contraband was where he claimed it was."

On appeal appellant urges that the trial court erred in overruling his motion to suppress since (1) the search warrant was insufficient to reflect probable cause for the search, and (2) the magistrate "failed to maintain a judicial attitude and perform his duties in a neutral and detached manner."

The pertinent part of the search warrant affidavit sworn to by affiant-Officer Armando A. Ramirez, Jr. of the Del Rio Police Department reads:

> On September 28, 1989 affiant received information from a confidential informant that a male subject described in affidavit [a W/M subject whose name is unknown to affiant at this time. The W/M subject is described as 45 to 50 years of age, medium height, slim build, with full beard being white in color] has a usuable [sic] amount of marijuana at described residence. Affaint [sic] was advised by informant that said described male subject was in possession of said marijuana and he had personally seen described male subject in possession of the marijuana inside the described residence within the past 12 hours.

> Affiant believes that said information recieved [sic] from confidential informant is true and reliable because informant has furnished information to The Del Rio Narcotics Trafficking Task Force regarding narcotics trafficking and narcotics violations in the Del Rio, Val Verde County, Texas area over the past year and on each and every occasion information proved reliable, true and correct.

> At this time the true identity and name of suspect is unknown. A check in the City Directory shows a name of Leon W. Mayfield residing at 1601 Ave. D. A

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1989).

check of the General Telephone Company books shows a Leon W. Mayfield at 1601 Ave D ... with a telephone listing at 775–5388.

A vehicle parked in the garage of described residence at 1601 Ave. D., shows owner as Leon W. Mayfield. Vehicle is a 1983 Toyota 4 dr with a Texas Registration 095–XYJ.

At the suppression hearing affiant-Officer Ramirez, the magistrate, Justice of the Peace Leon Best, and the appellant testified. Ramirez related how he received information from the informer and secured the warrant. Judge Best revealed the circumstances surrounding the issuance of the search warrant. The appellant testified that he was spoon-feeding his invalid mother when the search warrant was executed at the home he shared with his mother and that his father had died in 1986. He did not dispute his description in the affidavit.

■ An affidavit in support of a search warrant must contain sufficient information to support the magistrate's finding of probable cause. *Keen v. State*, 626 S.W.2d 309, 312 (Tex.Crim.App.1981). This is a requirement of the federal and state constitutions and Texas statutory law. U.S. CONST. amends. IV, XIV; TEX. CONST. art. I, § 9; TEX.CODE CRIM. PROC.ANN. art. 18.01(b) (Vernon Supp. 1990). Thus, search warrants properly issue only when predicated on probable cause. This probable cause standard embraces the practical, common sense approach that contraband or evidence of a crime is probably located on the premises to be searched. Probable cause should not be controlled by the more technical standard of proof beyond a reasonable doubt or by a preponderance of evidence. *See Illinois v. Gates*, 462 U.S. 213, 230–33, 103 S.Ct. 2317, 2328–29, 76 L.Ed.2d 527 (1983); *Hennessy v. State*, 660 S.W.2d 87, 89 (Tex. Crim.App.1983); *Tolentino v. State*, 638 S.W.2d 499, 501 (Tex.Crim.App.1982); *Winkles v. State*, 634 S.W.2d 289, 293 (Tex. Crim.App.1981).

■ Probable cause will be found to exist if the affidavit for search warrant shows facts and circumstances within the affiant's knowledge and of which the affiant has reasonably trustworthy information sufficient to warrant a person of reasonable caution to believe that the specific offense has been committed, that the property to be searched or items to be seized constitute evidence of an offense or evidence that a particular person committed an offense, and the property or items are located at or on the person, place or thing to be searched. *Tolentino, supra.*

■ The determination of the legal adequacy of an affidavit in support of a search warrant is to be made within the four corners of the document involved. *Doescher v. State*, 578 S.W.2d 385, 387 (Tex.Crim. App.1978); *See Oubre v. State*, 542 S.W.2d 875, 877 (Tex.Crim.App.1976).

■ In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court abandoned the rigid two-prong test for determining whether an informant's establishes probable cause as delineated in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The appellate courts now examine the particular factual context and apply a "totality of the circumstances" standard, a traditional probable cause determination standard. *See United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). The *Gates* standard has been adopted in Texas. *Bower v. State*, 769 S.W.2d 887, 903 (Tex.Crim.App.1989), *cert. denied*, —— U.S. ——, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989); *Eisenhauer v. State*, 754 S.W.2d 159, 164 (Tex.Crim.App.), *cert. denied*, 488 U.S. 848, 109 S.Ct. 127, 102 L.Ed.2d 101 (1988). The standard applies to both warrant and warrantless seizures of person and property. *See Eisenhauer v. State*, 678 S.W.2d 947, 952 (Tex.Crim.App.1984); *see also Crawford v. State*, 769 S.W.2d 331, 334 (Tex.App.—San Antonio 1989, pet. ref'd).

■ The affidavit, in the instant case, reflects the underlying circumstances that the information came from the personal observations of an informant, that he had been present inside the location within 12 hours of the issuance of the warrant, and that he had reliably and accurately given narcotic information in the past year that had proven to be true and correct. No independent corroboration was necessary to establish the credibility of the informant and the basis of his knowledge. We conclude that the magistrate had a substantial basis for concluding that probable cause existed for the issuance of the search warrant under the "totality of the circumstances" analysis. *See Elliott v. State,* 681 S.W.2d 98, 102 (Tex.App.—Houston [14th Dist.] 1984), *aff'd,* 687 S.W.2d 359 (Tex. Crim.App.1985); *Hennessy v. State,* 660 S.W.2d 87, 91 (Tex.Crim.App.1983). The affidavit for search warrant would have been sufficient under the *Aguilar–Spinelli* standard as well. *Capistran v. State,* 759 S.W.2d 121, 128 (Tex.Crim.App.1988) (on reh'g); *Gonzales v. State,* 577 S.W.2d 226, 230 (Tex.Crim.App.), *cert. denied,* 444 U.S. 853, 100 S.Ct. 109, 62 L.Ed.2d 71 (1979); *Torres v. State,* 552 S.W.2d 821, 823 (Tex. Crim.App.1977); *Curtis v. State,* 519 S.W.2d 883, 886 (Tex.Crim.App.1975).

■ We find no merit in appellant's claim that probable cause was lacking because the informant did not give to the affiant-officer the first or last name of the appellant or the name of any person residing at the place to be searched. It is not necessary to include the name of the offender in the affidavit or search warrant; if his name is unknown, it is sufficient to describe him. *Cf. Walthall v. State,* 594 S.W.2d 74, 80–81 (Tex.Crim.App.1980). Further, the affiant checked the city and telephone directories and included in the affidavit the name of the person listed therein as the person residing at the premises in question. Likewise, we find no merit in the claim that the affidavit is unclear as to when the 12–hour period referred to therein began. Magistrates and courts must interpret affidavits in support of search warrants in a common-sense and realistic fashion. *Joshua v. State,* 696 S.W.2d 451, 456 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). There is no question of staleness presented. Appellant's first point of error is overruled.

■ In his second contention that the trial court erred in overruling the motion to suppress, appellant argues that the magistrate in issuing the search warrant, did not perform a neutral and detached function, but served as a "rubber stamp" for the officers. Appellant relies upon *Aguilar, supra,* and *Spinelli, supra. See also Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). This contention on appeal was not the basis of the motion to suppress. *See Writt v. State,* 541 S.W.2d 424, 426 (Tex.Crim.App.1976). It was not presented to the trial court for a ruling. A motion to suppress evidence is nothing more than a specialized objection to the admissibility of evidence. *Galitz v. State,* 617 S.W.2d 949, 952 n. 10 (Tex.Crim. App.1981). Thus, a motion must meet the requirements of an objection. *See and cf.* TEX.R.APP.P. 52(a) and TEX.R.CRIM. EVID. 103(a). The failure to object waives any error. *Russell v. State,* 665 S.W.2d 771, 779 (Tex.Crim.App.1983), *cert. denied,* 465 U.S. 1073, 104 S.Ct. 1428, 79 L.Ed.2d 752 (1984). It is also elementary that an appellant may not rely upon an objection on appeal which he has not raised in the trial court, *Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App.1986), or which varies from the objection made at trial. *Pyles v. State,* 755 S.W.2d 98, 116 (Tex.Crim.App.), *cert. denied,* 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988).

■ Even if the claimed error had been preserved, the evidence in the record does not support the claim. The fact the magistrate was also employed at the local country club, that he had not refused the issuance of a search warrant in twelve years in office, or that while reading and studying the instant affidavit he did not ask

questions of the affiant about the 12–hour period mentioned therein did not show that the magistrate was disqualified as a matter of law or show that his actions in the instant case were those of a magistrate who was neither neutral nor detached. Contentions such as these seldom prevail. *See* 2 W. LaFAVE, SEARCH AND SEIZURE, A TREATISE ON THE FOURTH AMENDMENT § 4.2 (2d ed. 1987). *Cf. United States v. Duncan*, 420 F.2d 328 (5th Cir.1970); *Joshua v. State*, 696 S.W.2d 451, 455–56 (Tex.App.—Houston [14th Dist.] 1985). Appellant's assertions that the magistrate had little regard for constitutional rights and did not adopt a judicial or show me attitude are just that—assertions. The instant case is a far cry from the facts of *Lo–Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979). We need not consider the impact of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) or the "good faith" provisions of TEX.CODE CRIM.PROC.ANN. art. 38.23(b) (Vernon Supp.1990) on appellant's contention. Appellant's second point of error is overruled.

The judgment is affirmed.