**Paul Ray DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–022–CR.**

Court of Appeals of Texas, Waco.

Aug. 30, 2000.

fendant's address. *Langston v. State,* 800 S.W.2d 553, 555 (Tex.Crim.App.1990).

Ted Redington, Waxahachie, for appellant.

Joe F. Grubbs, County and Dist. Atty., Cynthia W. Hellstern, Asst. County and Dist. Atty., Waxahachie, for Ellis County.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

Paul Ray Davis appeals his judgment of conviction for possession of a controlled substance, namely methamphetamine. After the motion to suppress challenging the search of his residence was denied, he pled guilty to the court pursuant to a plea

bargain. The court found Davis guilty and assessed punishment at 8 years in prison, which was probated and he was fined $500.00. In his sole issue on appeal, he contends the trial court erred in denying his motion to suppress. We disagree. The ruling of the trial court is affirmed.

### Facts

On May 19, 1998, Davis's residence was searched by Ellis County law enforcement agents pursuant to a search warrant issued by an Ellis County magistrate. Contraband was found in the residence and Davis was arrested. Davis filed a pretrial motion to suppress challenging the search of his premises on the basis that the affidavit supporting the search warrant did not provide probable cause to conclude that contraband would be at the suspected premises at the time the warrant was issued. The trial court denied Davis's motion.

On appeal, Davis contends the trial court erred in overruling his motion to suppress the evidence found by police in a search of his residence. In searching the home, the police executed a warrant that was issued upon the affidavit of a police officer who had relied upon information from an informant and his personal observation of an earlier "controlled buy". Davis argues that this affidavit lacked sufficient facts to establish probable cause to support the magistrate's issuance of the warrant. The affidavit presented in support of the search warrant outlined the following facts as probable cause to search (abbreviations and diction as in original):

> Within the past (72) seventy two hours preceding May 18, 1998 at approximately 4:00 P.M. Affiant L. Jefferson of the Southeast Metroplex Task Force, met with a C.I. at predesignated location. The confidential informant was searched for any and all contraband by the affiant. None was found. This confidential informant has provided reliable and accurate information to the affiant about narcotics trafficking on at several differ-

ent times for Ferris Police Department. Each time the information proved to be true and was corroborated by independent source. The affiant gave the C.I. twenty dollars in cash ($20.00) to purchase methamphetamines with from suspected party at the residential structure located at 500 F.M. 983 in Ellis County Texas. The affiant drove the C.I. to that location. The affiant observed the C.I. knock on the back door and then enter. A few minutes later the affiant observed the C.I. exited from the rear of the residence and returned back to the covert vehicle. At which time the C.I. handed the affiant a small baggie of a brown crystal like substance. Affiant field tested the substance for the presence of methamphetamines. The test results showed positive.

The contraband which was discovered as a result of the search was evidence presented by the State at Davis's trial in support of his conviction.

### Sole Issue -Sufficiency of the Affidavit

In his sole issue, Davis argues that the evidence obtained pursuant to the search warrant should have been suppressed because the affidavit supporting the search warrant did not state sufficient facts to constitute probable cause for the search.

■ We must conduct a "de novo" review of probable cause, and deference is to be given to the issuing magistrate's original decision that probable cause existed. *See Burke v. State*, 27 S.W.3d 651 (Tex.App.—Waco, 2000, no.pet.h.); *State v. Escobar*, 764 S.W.2d 570, 572 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). In reviewing the sufficiency of the affidavit, we determine whether the magistrate, considering the totality of the circumstances, had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983).

103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983).

■ No search warrant may issue unless supported by an affidavit setting forth substantial facts establishing probable cause for its issuance. *See* TEX. CODE CRIM. PROC. ANN. ARTS. 1.06, 18.01(b) (Vernon Supp.2000). Probable cause to support the issuance of a search warrant exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued. *See Cassias v. State,* 719 S.W.2d 585, 587 (Tex.Crim.App.1986). Only the facts found within the four corners of the affidavit may be considered. *See Jones v. State,* 833 S.W.2d 118, 123 (Tex.Crim.App.1992). Reasonable inferences may be drawn from the affidavit, however, and the affidavit must be interpreted in a common sense and realistic manner. *See Lagrone v. State,* 742 S.W.2d 659, 661 (Tex.Crim.App.1987). The magistrate is not required to find proof beyond a reasonable doubt or by a preponderance of the evidence, but only a probability that contraband or evidence of the crime will be found in a particular place. *Johnson v. State,* 803 S.W.2d 272, 288 (Tex.Crim.App. 1990), *rev'd on other grounds; Heitman v. State,* 815 S.W.2d 681, 685 (Tex.Crim.App. 1991).

In *Richardson v. State,* the Court of Criminal Appeals found adequate probable cause to authorize the issuance of a search warrant when the affiant swore that he was an eyewitness to the events immediately preceding and following the informant's purchase of marijuana at the appellant's home and the affiant further swore that he had in his possession a baggy containing a green leafy plant substance procured from the appellant's home by the informant. *Richardson v. State,* 622 S.W.2d 852, 857 (Tex.Crim.App.1981). In *Sadler v. State,* the court held that the circumstances of a controlled buy, standing alone, may corroborate an informant's tip and provide probable cause to issue a warrant. *Sadler v. State,* 905 S.W.2d 21, 22 (Tex.App.—Houston [1st Dist.] 1995, no pet.). In a case similar to the facts in ours, an appellate court held that the affidavit was based on probable cause even though it did not state that the informant saw methamphetamine in the appellant's apartment beyond that which was purchased by the informant. *See Bodin v. State,* 782 S.W.2d 258, 259–60 (Tex.App.—Houston [14th Dist.] 1989), *rev'd on other grounds,* 807 S.W.2d 313 (Tex.Crim.App. 1991). In *Bodin,* an informant told an officer that he had purchased a half of a gram of methamphetamine in the appellant's apartment. Other officers verified that informant's statement with a controlled buy in the apartment. The court held that this information in the affidavit was sufficient to infer that methamphetamines were located in the apartment. *Bodin,* 782 S.W.2d at 259–60.

### *Application*

■ Here, the affidavit supporting the search warrant detailed a controlled buy of methamphetamines from the place to be searched—500 F.M. 983 in Ellis County. The affiant was an officer with the Southeast Metroplex Task Force. The affidavit stated that the informant was searched by the affiant for contraband and then given twenty dollars to purchase drugs from a suspect inside Davis's residence. The affiant swore that the informant was known by him to be a credible and reliable person. The affidavit stated that the affiant observed the informant enter Davis's residence and exit a few minutes later with a bag of methamphetamines. The affiant then field tested the substance in the bag to verify that it was in fact methamphetamines. The results were positive. However, a chemical test or other "proof positive" that the substance observed was in fact contraband is not necessary to establish probable cause. *Cassias,* 719 S.W.2d at 589.

The facts before the magistrate, interpreted in a realistic and common-sense

manner, supported the inference that methamphetamines were readily available for sale within the place named in the warrant. There were facts within the four corners of the affidavit from which a reasonable person could infer that the informant had purchased methamphetamines inside the place named in the search warrant. We find the affidavit supports a finding of probable cause to search Davis's residence at 500 F.M. 983.

▮ Davis also argues that the police lacked probable cause because they could not be certain that more drugs were in the house after the informant made his controlled buy. Where facts and circumstances within the knowledge of a police officer, arising from a reasonably trustworthy source, would warrant a person of reasonable caution in the belief that items of contraband or evidence of a crime may presently be found in a specified place, there is probable cause to issue a warrant to search that place. *Cassias,* 719 S.W.2d at 587. Here, the affiant, a police officer, personally observed the informant purchasing the methamphetamine from Davis's residence. The search warrant was issued less than twenty-four hours after the controlled buy took place. Therefore, the magistrate's determination that contraband could be located within the place to be searched at the time the warrant was issued was reasonable and supported by the facts in the affidavit. Thus, the trial court did not err in denying Davis's motion to suppress.

### Conclusion

Having overruled Davis's sole contention on appeal, we affirm the judgment.