COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 NO. 2-02-158-CR 

KEVIN DANIEL BLACKBURN                                                     
 APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 FROM THE 362ND DISTRICT COURT OF DENTON COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Kevin Daniel Blackburn was convicted by a jury of the felony 
offense of manufacture of methamphetamine in an amount over four hundred 
grams, following which the trial court assessed punishment at eighty-five years’ 
confinement. Three points are presented on appeal: (1) the trial court provided 
an improper definition of the term “reasonable doubt” in its jury instructions; (2) 
the trial court erred in denying appellant’s motion to suppress evidence; and (3) 
the evidence was insufficient to support the conviction. We will affirm. 
        Appellant’s specific complaint in point one is that the trial court 
improperly overruled defense counsel’s objection to the following portion of the 
trial court’s jury instruction at the guilt/innocence stage of the trial: “It is not 
required that the prosecution proves guilt beyond all possible doubt; it is 
required that the prosecution’s proof excludes all reasonable doubt concerning 
the defendant’s guilt.” Appellant argues that the instruction, as given, violates 
the Texas Court of Criminal Appeals’ directive in Paulson v. State, 28 S.W.3d 
570, 573 (Tex. Crim. App. 2000), that it is “better practice” not to provide a 
definition of “reasonable doubt.” 
        We agree with the State that this exact issue has been squarely decided 
by us against appellant’s position in Vosberg v. State, 80 S.W.3d 320, 324 
(Tex. App.—Fort Worth 2002, pet. ref’d) (holding that language in question was 
proper in providing distinction between proof beyond a reasonable doubt and 
proof beyond all possible doubt). We decline this opportunity to disavow 
Vosberg and instead, reaffirm our decision there. Point one is overruled. 
        In point two, appellant argues the trial court erred in denying appellant’s 
motion to suppress evidence. Several grounds are advanced: (1) the affidavit 
supporting the search (a) lacked probable cause and (b) corroboration of the 
anonymous tipster; (2) the warrant did not sufficiently describe the items to be 
seized; (3) the use of a drug dog to detect illegal contraband was illegal; and (4) 
the police officers who stopped the vehicle in which appellant was a passenger 
lacked the requisite reasonable suspicion justifying the stop. 
        We begin by summarizing the events leading to appellant’s arrest and 
prosecution. On June 14, 2001, an anonymous source provided information 
to law enforcement authorities that appellant was manufacturing and possibly 
selling methamphetamine from a self-storage facility in Denton County. When 
authorities arrived at the facility they detected an odor associated with the 
manufacture of methamphetamine coming from one of the two storage units 
rented by appellant. Subsequently, a certified drug-sniffing dog was brought 
in and alerted on the same unit. The following day the manager of the storage 
facility phoned the police and reported that appellant was inside the unit. Police 
officials arrived and saw appellant riding as a passenger in a pickup truck 
leaving the facility. As they followed the pickup on the roadway the officers 
witnessed several traffic infractions, including an instance in which the pickup 
left the roadway and crossed the solid white line separating the road from the 
shoulder. The police then executed a traffic stop, following which they became 
aware of the odor of either ether or anhydrous ammonia, chemicals known to 
them to commonly be used in the manufacture of methamphetamine. A 
subsequent search of the bed of the pickup produced chemicals and equipment 
used in the manufacture of methamphetamine, as well as a quantity of 
methamphetamine itself. A search warrant was obtained, and the rented 
storage unit was searched, yielding additional methamphetamine. 
        We will address appellant’s concerns in the order presented. Appellant 
contends the search warrant affidavit used to gain entry to his storage unit 
lacked the requisite probable cause and lacked corroboration of the anonymous 
tip. The affidavit in question described the following events: 
(1) the affiant, Investigator Paul Jaworski, received
information from an anonymous caller who told him that appellant
had a methamphetamine lab and items used in the manufacture of
methamphetamine at the Space Plus Self Storage. The caller also
said that Appellant was selling methamphetamine from a storage
unit there.
 
(2) The informant’s information was subsequently 
corroborated:
 
(a) On June 14, 2001, Investigator Jaworski was informed 
by Officer Davis that appellant had been arrested for possession 
with intent to deliver methamphetamine approximately two months 
before. Investigator Jaworski confirmed this by viewing Denton 
County jail records. 
 
(b) Officer Davis also informed Jaworski that he had received 
information from a source that appellant was storing items used for 
the manufacture of methamphetamine in an unknown storage 
facility.
 
(c) On June 14, 2001, Ms. Diana Bryson, the office manager 
of Space Plus Self Storage, told Investigator Jaworkski that 
appellant had been renting Storage units #94 and # 97 since May 
21, 2001. Later that day, she informed Investigators Jaworski, 
Beauchamp, and Guerrero that Appellant had entered the property 
thirty-one times in twenty-four days. 
 
(d) Investigators Beauchamp and Jones detected the odors of 
ether and the odor/essence indicative of a methamphetamine lab 
coming from storage unit #97. 
 
(e) Krewz, a certified drug dog, alerted to storage unit #97. 
 
(f) On June 15, 2001, at approximately 2:00 a.m., the 
storage facility office manager called Investigator Jaworski and told 
him that appellant was currently in front of his storage units. 
Investigators Guerrero and Martin went to the location and 
subsequently observed as the truck was leaving that its rear lamps 
were not working properly and that the truck was traveling back 
and forth across the white line separating the traffic lane from the 
shoulder. After conducting a traffic stop of the vehicle, 
Investigators Guerrero and Martin smelled anhydrous ammonia 
coming from the vehicle. One of the passengers told Investigator 
Guerrero that they (the occupants of the vehicle) were coming from 
storage unit # 94, and that as he said this, appellant sighed loudly 
and lowered his head, looking disgusted. 
 
(g) Upon conducting a search of the vehicle, numerous items 
were discovered, which led Officer Jaworski to believe that they 
were used in producing methamphetamine, to wit: Anhydrous 
ammonia, mason jars, paper filters, portions of hydrogen chloride 
gas generators, salt, drain cleaner, and a syringe. 

        Appellant argues the affidavit “lacked sufficient probable cause” and 
“lacked corroboration of the anonymous tipster.” We disagree. A search 
warrant must be supported by an affidavit setting forth substantial facts 
establishing probable cause for its issuance. See Davis v. State, 27 S.W.3d 
664, 667 (Tex. App.—Waco 2000, pet. ref'd); Mayfield v. State, 800 S.W.2d 
932, 934 (Tex. App.—San Antonio 1990, no pet.). "Probable cause to support 
the issuance of a search warrant exists when the facts submitted to the 
magistrate are sufficient to justify a conclusion that the object of the search is 
probably on the premises at the time the warrant is issued." Davis, 27 S.W.3d 
at 667; see Mayfield, 800 S.W.2d at 934. We examine the four corners of the 
affidavit to determine whether probable cause exists. See Davis, 27 S.W.3d 
at 667; Mayfield, 800 S.W.2d at 934. "Reasonable inferences may be drawn 
from the affidavit, however, and the affidavit must be interpreted in a common 
sense and realistic manner." Davis, 27 S.W.3d at 667; see also Mayfield, 800 
S.W.2d at 935. 
        We review a trial court's ruling on a motion to suppress using the 
"bifurcated" standard of review set forth in Guzman v. State, 955 S.W.2d 85 
(Tex. Crim. App. 1997). See also Burke v. State, 27 S.W.3d 651, 654 (Tex. 
App.— Waco 2000, pet. ref'd); Lane v. State, 971 S.W.2d 748, 752 (Tex. 
App.— Dallas 1998, pet. ref'd). "Thus, we give almost total deference to the 
trial court's determination of historical facts that depend on credibility choices, 
but review its application of the law of probable cause de novo." Burke, 27 
S.W.3d at 654. Because credibility is not an issue when reviewing the four 
corners of an affidavit, we review the trial court's ruling de novo. Id.; Lane, 
971 S.W.2d at 752. In conducting this de novo review, we give great 
deference to the magistrate's decision to issue the warrant and to determine 
whether, considering the totality of the circumstances, the magistrate had a 
substantial basis for determining that there was probable cause. Lane, 971 
S.W.2d at 752. 
        We hold that under the above standard the affidavit provided sufficient 
probable cause justifying the issuance of the warrant. We agree with the State 
that this is an example of an investigation where the information provided by 
the anonymous tipster justified the initiation of the investigation and where the 
probable cause for the issuance of the warrant was established by information 
developed as a result of the investigation. See Davis v. State, 989 S.W.2d 
859, 863 (Tex. App.—Austin 1999, pet. ref’d). 
        Appellant also argues the search warrant’s description of the items to be 
seized was too general in that it merely described “drugs or dangerous drugs 
unlawfully kept and possessed.” Appellant’s premise is incorrect. In pertinent 
part, the search warrant directed the seizure of: 
Methamphetamine and the attendant glass ware and
chemicals necessary to manufacture Methamphetamine, including
but not limited to Ether and Anhydrous Ammonia. 

        This description was more than sufficient. See Gonzales v. State, 577 
S.W.2d 226, 228-29 (Tex. Crim App. [Panel Op.]) (ruling description of “drugs 
or dangerous drugs . . . unlawfully kept and possessed” was not impermissibly 
general), cert. denied, 444 U.S. 853 (1979). 
        Appellant’s complaint that “the use of the drug dog constituted an illegal 
seizure” is similarly without merit because a canine sniff is not a search under 
either our state or federal constitutions. Mohmed v. State, 977 S.W.2d 624, 
628 (Tex. App.—Fort Worth 1998, pet. ref’d). 
        We reach a similar conclusion as to the validity of the traffic stop of the 
vehicle in which appellant was traveling after it exited the storage facility. The 
testimony established that the vehicle crossed the solid white line separating 
the roadway from the shoulder, a traffic violation providing the police 
reasonable suspicion for the stop. See Tex. Transp. Code Ann. § 545.058(a) 
(Vernon 1999); see also Tex. Dept. of Pub. Safety v. Nordin, 971 S.W.2d 90, 
94 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding reasonable 
suspicion to stop established by weaving and that State was not required to 
negate exceptions allowing driving on shoulder in certain situations). Point two 
is overruled. 
        In point three, appellant contends that the evidence was legally 
insufficient to prove that appellant manufactured methamphetamine in an 
amount totaling 400 grams or more. His specific argument is that because the 
amount of “pure” methamphetamine seized was unknown and because the 
measurement undertaken included reactionary by-products of unknown 
quantity, the evidence was legally insufficient to prove the allegations made in 
the indictment: 
[Appellant] . . . did then and there intentionally or knowingly
manufacture, by chemical synthesis, a controlled substance,
namely, methamphetamine, in an amount of four hundred (400)
grams or more by aggregate weight including any adulterants or
dilutants . . . .

        In reviewing the legal sufficiency of the evidence to support a conviction, 
we view all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to weigh 
the evidence, and to draw reasonable inferences from basic facts to ultimate 
facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When performing a legal 
sufficiency review, we may not sit as a thirteenth juror, re-evaluating the 
weight and credibility of the evidence and, thus, substituting our judgment for 
that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. 
App. 1999), cert. denied, 529 U.S. 1131 (2000). 
        The jury instruction in the instant case provided that the term “adulterants 
or dilutants” meant any material that increased the build of quantity regardless 
of its effect on the chemical activity of the controlled substance. Test results 
of an eight-ounce sample taken from a bucket containing approximately forty-eight ounces (990 grams) of the sample substance tested positive for 
methamphetamine. Under the jury instruction provided, the jurors were 
authorized to determine that the weight of adulterants and dilutants, combined 
with the weight of the pure methamphetamine, totaled 400 grams or more. 
Because the State proved the aggregate weight of the mixture equaled the 
minimum weight of the charged offense, the evidence was sufficient to 
authorize the conviction. See Williams v. State, 936 S.W.2d 399, 405-06 
(Tex. App.—Fort Worth 1996, pet. ref’d) (noting that the State is no longer 
required to prove that the added adulterants or dilutants did not affect the 
chemical activity of the substance). Point three is overruled. 
        Appellant’s conviction is affirmed. 
 
                                                                  PER CURIAM 
 
PANEL F:   DAVID L. RICHARDS, J. (Sitting by Assignment); CAYCE, C.J.; and 
WALKER, J. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 9, 2003