Blackburn v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-158-CR

KEVIN DANIEL BLACKBURN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 
DISTRICT COURT 
OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Kevin Daniel Blackburn was convicted by a jury of the felony offense of manufacture of methamphetamine in an amount over four hundred grams, following which the trial court
 assessed punishment at eighty-five years’ confinement.  Three points are presented on appeal: (1) the trial court provided an improper definition of the term “reasonable doubt” in its jury instructions; (2) the trial court erred in denying appellant’s motion to suppress evidence; and (3) the evidence was insufficient to support the conviction.  We will affirm.

Appellant’s specific complaint in point one is that the trial court improperly overruled defense counsel’s objection to the following portion of the trial court’s jury instruction at the guilt/innocence stage of the trial: “It is not required that the prosecution proves guilt beyond all possible doubt; it is required that the prosecution’s proof excludes all reasonable doubt concerning the defendant’s guilt.”  Appellant argues that the instruction, as given, violates the Texas Court of Criminal Appeals’ directive in 
Paulson v. State, 
 28 S.W.3d 570, 573 (Tex. Crim. App. 2000), that it is “better practice” not to provide a definition of “reasonable doubt.”  

We agree with the State that this exact issue has been squarely decided by us against appellant’s position in 
Vosberg v. State
, 80 S.W.3d 320, 324 (Tex. App.—Fort Worth 2002, pet. ref’d) (holding that language in question was proper in providing distinction between proof beyond a reasonable doubt and proof beyond all possible doubt).  We decline this opportunity to disavow  
Vosberg
 and instead, reaffirm our decision there.  Point one is overruled.

In point two, appellant argues the trial court erred in denying appellant’s motion to suppress evidence.  Several grounds are advanced:  (1) the affidavit supporting the search (a) lacked probable cause and (b) corroboration of the anonymous tipster; (2) the warrant did not sufficiently describe the items to be seized; (3) the use of a drug dog to detect illegal contraband was illegal; and (4) the police officers who stopped the vehicle in which appellant was a passenger lacked the requisite reasonable suspicion justifying the stop. 

We begin by summarizing the events leading to appellant’s arrest and prosecution.  On June 14, 2001, an anonymous source provided information to law enforcement authorities that appellant was manufacturing and possibly selling methamphetamine from a self-storage facility in Denton County.  When authorities arrived at the facility they detected an odor associated with the manufacture of methamphetamine coming from one of the two storage units rented by appellant.  Subsequently, a certified drug-sniffing dog was brought in and alerted on the same unit.  The following day the manager of the storage facility phoned the police and reported that appellant was inside the unit.  Police officials arrived and saw appellant riding as a passenger in a pickup truck leaving the facility.  As they followed the pickup on the roadway the officers witnessed several traffic infractions, including an instance in which the pickup left the roadway and crossed the solid white line separating the road from the shoulder.  The police then executed a traffic stop, following which they became aware of the odor of either ether or anhydrous ammonia, chemicals known to them to commonly be used in the manufacture of methamphetamine.  A subsequent search of the bed of the pickup produced chemicals and equipment used in the manufacture of methamphetamine, as well as a quantity of methamphetamine itself.  A search warrant was obtained, and the rented storage unit was searched, yielding additional methamphetamine.

We will address appellant’s concerns in the order presented.   Appellant contends the search warrant affidavit used to gain entry to his storage unit lacked the requisite probable cause and lacked corroboration of the anonymous tip.  The affidavit in question described the following events:

(1) the affiant, Investigator Paul Jaworski, received information from an anonymous caller who told him that appellant had a methamphetamine lab and items used in the manufacture of methamphetamine at the Space Plus Self Storage.  The caller also said that Appellant was selling methamphetamine from a storage unit there.

(2) The informant’s information was subsequently corroborated:

(a) On June 14, 2001, Investigator Jaworski was informed by Officer Davis that appellant had been arrested for possession with intent to deliver methamphetamine approximately two months before.  Investigator Jaworski confirmed this by viewing Denton County jail records.

(b) Officer Davis also informed Jaworski that he had received information from a source that appellant was storing items used for the manufacture of methamphetamine in an unknown storage facility.

(c) On June 14, 2001, Ms. Diana Bryson, the office manager of Space Plus Self Storage, told Investigator Jaworkski that appellant had been renting Storage units #94 and # 97 since May 21, 2001.  Later that day, she informed Investigators Jaworski, Beauchamp, and Guerrero that Appellant had entered the property thirty-one times in twenty-four days.

(d) Investigators Beauchamp and Jones detected the odors of ether and the odor/essence indicative of a methamphetamine lab coming from storage unit #97.

(e) Krewz, a certified drug dog, alerted to storage unit #97.

(f) On June 15, 2001, at approximately 2:00 a.m., the storage facility office manager called Investigator Jaworski and told him that appellant was currently in front of his storage units.  Investigators Guerrero and Martin went to the location and subsequently observed as the truck was leaving that its rear lamps were not working properly and that the truck was traveling back and forth across the white line separating the traffic lane from the shoulder.  After conducting  a traffic stop of the vehicle, Investigators Guerrero and Martin smelled anhydrous ammonia coming from the vehicle.  One of the passengers told Investigator Guerrero that they (the occupants of the vehicle) were coming from storage unit # 94, and that as he said this, appellant sighed loudly and lowered his head, looking disgusted.

(g) Upon conducting a search of the vehicle, numerous items were discovered, which led Officer Jaworski to believe that they were used in producing methamphetamine, to wit: Anhydrous ammonia, mason jars, paper filters, portions of hydrogen chloride gas generators, salt, drain cleaner, and a syringe.

Appellant argues the affidavit “lacked sufficient probable cause” and “lacked corroboration of the anonymous tipster.”  We disagree.  A search warrant must be supported by an affidavit setting forth substantial facts establishing probable cause for its issuance.  
See Davis v. State
, 27 S.W.3d 664, 667 (Tex. App.—Waco 2000, pet. ref'd); 
Mayfield v. State
, 800 S.W.2d 932, 934 (Tex. App.—San Antonio 1990, no pet.).  "Probable cause to support the issuance of a search warrant exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued." 
 Davis
, 27 S.W.3d at 667;
 see Mayfield
, 800 S.W.2d at 934.   We examine the four corners of the affidavit to determine whether probable cause exists.  
See Davis
, 27 S.W.3d at 667; 
Mayfield
, 800 S.W.2d at 934.  "Reasonable inferences may be drawn from the affidavit, however, and the affidavit must be interpreted in a common sense and realistic manner."  
Davis
, 27 S.W.3d at 667; 
see also Mayfield
, 800 S.W.2d at 935.

We review a trial court's ruling on a motion to suppress using the "bifurcated" standard of review set forth in 
Guzman v. State
, 955 S.W.2d 85 (Tex. Crim. App. 1997). 
 See also Burke v. State
, 27 S.W.3d 651, 654 (Tex. App.— Waco 2000, pet. ref'd); 
Lane v. State
, 971 S.W.2d 748, 752 (Tex. App.— Dallas 1998, pet. ref'd). "Thus, we give almost total deference to the trial court's determination of historical facts that depend on credibility choices, but review its application of the law of probable cause de novo."  
Burke
, 27 S.W.3d at 654.  Because credibility is not an issue when reviewing the four corners of an affidavit, we review the trial court's ruling de novo.  
Id.
; 
Lane
, 971 S.W.2d at 752. In conducting this 
de novo
 review, we give great deference to the magistrate's decision to issue the warrant and to determine whether, considering the totality of the circumstances, the magistrate had a substantial basis for determining that there was probable cause. 
 Lane
, 971 S.W.2d at 752.

We hold that under the above standard the affidavit provided sufficient probable cause justifying the issuance of the warrant.  We agree with the State that this is an example of an investigation where the information provided by the  anonymous tipster justified the initiation of the investigation and where the probable cause for the issuance of the warrant was established by information developed as a result of the investigation. 
 See Davis v. State
, 989 S.W.2d 859, 863 (Tex. App.—Austin 1999, pet. ref’d).

Appellant also argues the search warrant’s description of the items to be seized was too general in that it merely described “drugs or dangerous drugs unlawfully kept and possessed.”  Appellant’s premise is incorrect.  In pertinent part, the search warrant directed the seizure of:

Methamphetamine and the attendant glass ware and chemicals necessary to manufacture Methamphetamine, including but not limited to Ether and Anhydrous Ammonia. 

This description was more than sufficient.  
See Gonzales v. State
, 577 S.W.2d 226, 228-29 (Tex. Crim App. [Panel Op.]) (ruling description of “drugs or dangerous drugs . . . unlawfully kept and possessed” was not impermissibly general), 
cert. denied
, 444 U.S. 853 (1979). 

Appellant’s complaint that “the use of the drug dog constituted an illegal seizure” is similarly without merit because a canine sniff is not a search under either our state or federal constitutions. 
 Mohmed v. State
, 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, pet. ref’d).  

We reach a similar conclusion as to the validity of the traffic stop of the vehicle in which appellant was traveling after it exited the storage facility.  The testimony established that the vehicle crossed the solid white line separating the roadway from the shoulder, a traffic violation providing the police  reasonable suspicion for the stop.  
See
 
Tex. Transp. Code Ann. 
§ 545.058(a) (Vernon 1999); 
see also
 
Tex. Dept. of Pub. Safety v. Nordin
, 971 S.W.2d
 90, 94 (Tex. App.—Houston [14
th
 Dist.] 1998, no pet.) (holding reasonable suspicion to stop established by weaving and that State was not required to negate exceptions allowing driving on shoulder in certain situations). Point two is overruled.

In point three, appellant contends that the evidence was legally insufficient to prove that appellant manufactured methamphetamine in an amount totaling 400 grams or more.  His specific argument is that because the amount of “pure” methamphetamine seized was unknown and because the measurement undertaken included reactionary by-products of unknown quantity, the evidence was legally insufficient to prove the allegations made in the indictment:

[Appellant] . . . did then and there intentionally or knowingly manufacture, by chemical synthesis, a controlled substance, namely, methamphetamine, in an amount of four hundred (400) grams or more by aggregate weight including any adulterants or dilutants . . . .

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

The jury instruction in the instant case provided that the term “adulterants or dilutants” meant any material that increased the build of quantity regardless of its effect on the chemical activity of the controlled substance.  Test results of an eight-ounce sample taken from a bucket containing approximately forty-eight ounces (990 grams) of the sample substance tested positive for methamphetamine.  Under the jury instruction provided, the jurors were authorized to determine that the weight of adulterants and dilutants, combined with the weight of the pure methamphetamine, totaled 400 grams or more. Because the State proved the aggregate weight of the mixture equaled the minimum weight of the charged offense, the evidence was sufficient to authorize the conviction.  
See Williams v. State
, 936 S.W.2d 399, 405-06 (Tex. App.—Fort Worth 1996, pet. ref’d) (noting that the State is no longer required to prove that the added adulterants or dilutants did not affect the chemical activity of the substance).  Point three is overruled.

Appellant’s conviction is affirmed. 

PER CURIAM

PANEL F: DAVID L. RICHARDS, J. (Sitting by Assignment); CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: October 9, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.