# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00672-CR

**Gregory Hubert Wiebelhaus, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 54,543, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Gregory Hubert Wiebelhaus pleaded guilty to the offense of manufacturing methamphetamine in an amount over 400 grams, and the court sentenced him to forty-five years' imprisonment. *See* Tex. Health & Safety Code Ann. § 481.112(a), (f) (West 2003). On appeal, he asserts that the trial court erred in denying his motion to suppress the evidence seized from his residence pursuant to a search warrant because the magistrate who issued the warrant was misled by false information in the warrant affidavit and because the affidavit provided no link between the residence and himself. Because Wiebelhaus has not preserved the issue concerning falsehoods for our review and because, in any case, there were no falsehoods and there was probable cause to issue the warrant, we affirm the judgment of the district court.

## BACKGROUND

Wieblehaus was indicted for the offense of manufacturing over 400 grams of methamphetamine. *See id.* He filed a motion to suppress the evidence seized pursuant to a search warrant issued authorizing a search of the mobile home in which he and the methamphetamine were found by police officers. After hearing testimony from the officer whose affidavit supported the search warrant, the trial court denied the motion to suppress. Wiebelhaus then pleaded guilty to the offense, was convicted, and was sentenced to forty-five years in the Texas Department of Criminal Justice—Institutional Division. Wiebelhaus filed this appeal, alleging that the trial court erred in denying his motion to suppress because the warrant affidavit contained falsehoods and created no link between the searched premises and himself.

## DISCUSSION

We first consider whether Wiebelhaus has preserved the alleged error pertaining to falsehoods in the warrant affidavit. To preserve a complaint for appellate review, the complaint must be made to the trial court by a timely request, objection, or motion that "stated the grounds for the ruling that the complaining party sought from the trial court *with sufficient specificity* to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A) (emphasis added); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). An objection is sufficient to preserve error for appellate review if it communicates to the trial court what the objecting party wants and why the objecting party thinks himself entitled to relief in a manner clear enough for the court to understand the objection at a time when it is in a position to do something about it. *Lankston v. State*, 827 S.W.2d 907, 908-09 (Tex. Crim. App. 1992). But,

when it appears from the context that a party failed to effectively communicate to the trial court the objection, its basis, or the relief sought, the appellant's complaint has not been preserved, and reviewing courts "should not hesitate to hold that appellate complaints arising from the event have been lost." *Id.* at 909.

There are two policies behind requiring specific objections at the trial-court level: (1) to inform the trial court of the basis of the objection and afford the court the opportunity to rule on it, and (2) to afford opposing counsel an opportunity to remove the objection or supply other testimony. *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). Generally, a party cannot complain of the overruling of a general objection or imprecise specific objection, except when the correct ground of exclusion was obvious to the judge and opposing counsel. *See id.*

Wiebelhaus's motion to suppress contained six generic reasons why the evidence seized under the search warrant should have been suppressed. Among them was the ground he asserts on appeal: "The search warrant was illegally issued because the issuing magistrate was misled by information in the affidavit that the affiant officer knew was false or would have known was false except for his reckless disregard for the truth." However, the motion did not specify which information in the affidavit was false or misleading. Other reasons appearing in the motion to suppress asserted that "the affidavit fatally fails to state sufficient underlying circumstances to establish the credibility of the affiant" and "the magistrate who issued the search warrant did not have a substantial basis for concluding that probable cause existed, i.e., that the alleged contraband would be found in a particular place."

The trial court held a hearing on Wiebelhaus's motion to suppress, though it is not clear from the record for what purpose the taking of evidence was permitted. After questioning the affiant police officer, Wiebelhaus's trial counsel made three specific objections: (1) the confidential informant used by the officers was unreliable, (2) no magistrate had signed the warrant, and (3) the warrant did not specifically enumerate particular items ("precursors" to the manufacture of methamphetamine) to be seized. Wiebelhaus's trial counsel made no objection, argument, or even comment about there being false information in the affidavit. The trial court overruled Wiebelhaus's objection and denied the motion to suppress.

On appeal, Wiebelhaus insists that the affidavit contained false information in that it implied the affiant officer had personally received information concerning narcotics from the confidential informant in the past, while the officer's testimony at the hearing indicated that he had not personally used the informant in other methamphetamine cases, though other agents had, and he had received information from the informant only through other agents who had previously found the informant's information to be true.[1] Wiebelhaus did not sufficiently identify this objection to the trial court, nor were the alleged falsehoods readily obvious to the judge and opposing counsel from the context of the hearing. Wiebelhaus has thus failed to preserve the question for appellate review.[2]

---

[1] The complained-of statement in the affidavit reads: "The informant has provided your Affiant with narcotic information regarding narcotic trafficking in the Bell County area in the recent past and that said narcotic information was proven up by your Affiant to be true and correct."

[2] We also note that it was Wiebelhaus's burden to make a preliminary showing of deliberate falsehoods to be entitled to an evidentiary "*Franks*" hearing: "To mandate an evidentiary hearing . . . [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false." *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *see Cates v. State*, 120 S.W.3d 352, 355 (Tex. Crim. App. 2003). Even if the trial court agreed to

However, even if we considered his motion to suppress to be sufficiently specific, we would hold that the trial court did not err in denying the motion because the information in the affidavit was not false. The affiant officer stated in the warrant affidavit that he had received information from the informant "regarding *narcotic trafficking* in the Bell County area." (Emphasis added.) In response to a question whether he had "used this informant in other *methamphetamine cases* in either Bell County or other areas," the same officer testified that he had not, but that other agents had. (Emphasis added.) This alleged inconsistency does not amount to a falsehood, and is not even inconsistent if the officer had personally received truthful information from the informant about narcotic trafficking involving substances other than methamphetamines. We overrule Wiebelhaus's point of error as it pertains to falsehoods in the warrant affidavit.

Additionally, Wiebelhaus asserts that there is no connection in the affidavit between the "suspected premises" and himself, and thus the affidavit lacked "sufficient underlying circumstances which would permit the conclusion that the alleged contraband was at the location in which it was claimed." "An affidavit in support of a search warrant must contain sufficient information to support the magistrate's finding of probable cause." *Serrano v. State*, 123 S.W.3d 53, 59 (Tex. App.—Austin 2003, no pet.) (citing *Hughes v. State*, 843 S.W.2d 591, 593 (Tex. Crim. App. 1992)). The determination of the legal adequacy of an affidavit in support of a search warrant is to be made only within the four corners of the document involved. *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992). An affidavit for a search warrant is sufficient to establish probable

hear the evidence under the auspices of *Franks*, of which there is no indication in the record, Wiebelhaus at no point attempted to alert the trial court to particular portions of the affidavit he now claims were false.

cause if, from the totality of the circumstances reflected in the affidavit, the magistrate was provided with a substantial basis for concluding that probable cause existed. *Serrano*, 123 S.W.3d at 59 (citing *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983)). The magistrate's determination of probable cause is to be given great deference by the reviewing court. *Swearingen v. State*, No. 110-03, 2004 Tex. Crim. App. LEXIS 1017, at *9 (Tex. Crim. App. June 23, 2004) (citing *Gates*, 462 U.S. at 236); *Serrano*, 123 S.W.3d at 59. In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched. *Serrano*, 123 S.W.3d at 61. Only a probability that contraband or evidence of the crime will be found in a particular place is required. *Id.* at 59-60 (citing *Davis v. State*, 27 S.W.3d 664, 667 (Tex. App.—Waco 2000, pet. ref'd)).

The warrant affidavit clearly states, "Said suspected place is in charge of and controlled by . . . Gregory Hubert Wiebelhaus." The affidavit also states that the informant related that methamphetamine is being sold and possessed inside the mobile home and the informant had personally seen Wiebelhaus in control and possession of the controlled substance inside the mobile home within the seventy-two hours before the affidavit was signed. Further, the affidavit states that the informant had previously provided the affiant with true and correct narcotic information and was personally familiar with the smell, texture, color, consistency, and packaging of methamphetamine. Unlike in *Serrano*, in which we held that an informant's tip that provided no nexus between alleged criminal activity and the residence searched did not establish probable cause, here there were facts submitted to the magistrate that were "sufficient to justify a conclusion that the object of the search

6

[wa]s probably on the premises to be searched at the time the warrant [wa]s issued." *See id.* at 59 (citing *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986)).

We overrule Wiebelhaus's sole point of error and accordingly affirm the judgment and conviction of the district court.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   August 26, 2004

Do Not Publish