IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00059-CR

 

Scott Boehler,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the County Court

Freestone County, Texas

Trial Court No. 21952

 



MEMORANDUM  Opinion










 

            Scott William Boehler was found guilty
of a Class C Misdemeanor, failure to control speed, in the justice of the peace
court.  Tex. Transp. Code Ann. §
545.351 (Vernon 1999).  That conviction was appealed to the county court for a
trial de novo.  See Tex. Code
Crim. Proc. Ann. art. 45.042 (Vernon 2006).  Boehler was found guilty by
a jury in the county court, and the court imposed a fine of $100.  Boehler has
now attempted to appeal that judgment.

            The Clerk of this Court notified
Boehler by letter that we questioned our jurisdiction because the appeal was
from a trial de novo in the county court from an inferior court’s ruling.  See
Tex. Code Crim. Proc. Ann. art.
4.03 (Vernon 2005).  In the same letter, the Clerk warned Boehler that the
Court would dismiss the appeal unless, within 21 days from the date of the
letter, a response was filed showing grounds for continuing the appeal. 
Boehler has not provided a response.

            We have no jurisdiction of appeals
from a trial de novo in the county court of an inferior court’s ruling if the
fine imposed in the county court does not exceed $100.  Id.  The fine imposed in the county court at law did not exceed $100.

            Accordingly, this appeal is
dismissed.  See Tex. R. App. P.
44.3. 

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Appeal
dismissed

Opinion
delivered and filed April 29, 2009

Do
not publish 

[CR25]






                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      A jury convicted Chad Everett Price of aggravated kidnapping, aggravated sexual assault,
and aggravated robbery. The jury assessed punishment at sixty years’ imprisonment for the
aggravated kidnapping and aggravated robbery convictions and life imprisonment for the
aggravated sexual assault conviction. Price contends in two points that: (1) the court erred by
denying his motion to suppress; and (2) article 37.07, section 4(a) of the Code of Criminal
Procedure is unconstitutional. We will affirm.
MOTION TO SUPPRESS
      Price contends in his first point that the court should have granted his motion to suppress
twenty-two items of evidence offered in evidence at trial. Price’s primary basis for challenging
the seizure of these items is that the search warrants pursuant to which the items were seized
were not supported by probable cause.
 Procedure
      Price’s counsel affirmatively stated that he had “no objection” to the admission of ten of
these twenty-two items as each of the ten was offered in evidence.


 Thus, he has failed to
preserve this issue for our review with respect to those ten items. Moody v. State, 827 S.W.2d
875, 889 (Tex. Crim. App. 1992); Robertson v. State, No. 10-02-00283-CR, slip op. at 8,
2004 Tex. App. LEXIS 4364, at *11 (Tex. App.—Waco May 12, 2004, no pet. h.); Graham
v. State, 96 S.W.3d 658, 660 (Tex. App.—Texarkana 2003, pet. ref’d).
      Price contends that the seizure of the challenged items should be treated as warrantless
seizures because the search warrants were not admitted in evidence. At the suppression
hearing, Price offered in evidence the search warrants and supporting affidavits at issue. The
documents were marked as exhibits but were never formally admitted in evidence. 
Nevertheless, they have been included in a supplemental reporter’s record on appeal.
      If a defendant alleges that evidence has been seized in violation of the Fourth Amendment,
the State must establish that the seizure was done pursuant to a warrant or, if without a
warrant, that the seizure was reasonable. Bishop v. State, 85 S.W.3d 819, 822 (Tex. Crim.
App. 2002); State v. Cantwell, 85 S.W.3d 849, 852 (Tex. App.—Waco 2002, pet. ref’d). 
When the State relies on a warrant, the State must produce the warrant and its supporting
affidavit to the trial court for inspection. Moreno v. State, 858 S.W.2d 453, 461 (Tex. Crim.
App. 1993); De La O v. State, 127 S.W.3d 799, 801 (Tex. App.—San Antonio 2003, pet.
filed); Cantwell, 85 S.W.3d at 852. Once the State has done so, “it then becomes the
responsibility of the defendant to see that [the warrant and affidavit] are in the record if they
are to be reviewed on appeal.” Moreno, 858 S.W.2d at 461.
      Here, Price satisfied the State’s burden of production in the suppression hearing by
offering the warrants and supporting affidavits in evidence. Price’s own responsibility to see
that they have been included in the appellate record has likewise been fulfilled by their
inclusion in the supplemental record.
Probable Cause
      When an appellant contends that an affidavit does not establish probable cause for issuance
of a search warrant, our review is limited to the information contained within the four corners
of the affidavit. Massey v. State, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996); Arrick v.
State, 107 S.W.3d 710, 715 (Tex. App.—Austin 2003, pet. ref’d); Davis v. State, 27 S.W.3d
664, 667 (Tex. App.—Waco 2000, pet. ref’d). An affidavit suffices if the facts therein “justify
a conclusion that the property that is the object of the search probably is on the . . . premises
to be searched at the time the warrant issues.” Massey, 933 S.W.2d at 148 (emphasis added)
(quoting Hass v. State, 790 S.W.2d 609, 612 (Tex. Crim. App. 1990)); accord Ill. v. Gates,
462 U.S. 213, 235, 103 S. Ct. 2317, 2330, 76 L. Ed. 2d 527 (1983); Arrick, 107 S.W.3d at
715; Davis, 27 S.W.3d at 667.
      Price contends that the affidavits at issue did not establish probable cause to believe that
the items sought would probably be found at one particular location because the State sought to
search at four different locations simultaneously for the same items. Price challenges the
adequacy of four affidavits (marked as Defendant’s Exhibits 1 through 4) presented for
issuance of search warrants for a residence in Texas City, a residence in La Marque, a mini-storage unit in Texas City, and an automobile in the driveway of the La Marque residence.
      The return attached to the search warrant for the automobile states that no items were
recovered when that warrant was executed. Accordingly, we limit our review to the search
warrants and supporting affidavits for the two residences and the mini-storage unit.
      The Austin Court of Appeals recently rejected an argument similar to that made by Price. 
See Arrick, 107 S.W.3d at 717-18; cf. Massey, 933 S.W.2d at 148-49 (allegations sufficient to
justify conclusion that evidence of offense “probably was in appellant’s car and/or residence”). 
In Arrick, the investigating officers requested warrants to search for the same particular items
at two different residences and in an automobile. 107 S.W.3d at 716. The appellant
contended “that the fact officers applied for and obtained warrants to search three different
places at the same time for these items demonstrates that they did not know where to find
them.” Id. at 717. The Austin Court rejected this contention in the following language,
“Given appellant’s ties to the two houses and to the automobile that we have previously
discussed, we conclude that the issuing magistrates had a substantial basis for believing that
the cross, the other pieces of the pistol, the clothing, and the jewelry might be found in any of
these locations.” Id. at 718.
      We agree with this reasoning. Price’s first point is overruled.
ARTICLE 37.07, SECTION 4(a)
      Article 37.07, section 4(a) of the Code of Criminal Procedure requires a trial court to
instruct the jury in the punishment charge regarding the application of parole law if the jury
has convicted the defendant of a section 3g offense


 or if the judgment contains a deadly
weapon finding. In particular, this statute requires an instruction that “the defendant, if
sentenced to a term of imprisonment, may earn time off the period of incarceration imposed
through the award of good conduct time.” Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a)
(Vernon Supp. 2004). Under the pertinent parole law however, the Board of Pardons and
Paroles cannot consider good conduct time in establishing the date on which Price is eligible
for release on parole. Tex. Gov’t Code Ann. § 508.145(d) (Vernon Supp. 2004). Thus,
Price contends in his second point that article 37.07, section 4(a) violates his right to due
process because it requires a jury instruction regarding good conduct time even though the
parole board cannot consider good conduct time when determining the date on which he is
eligible for release on parole.
      The Court of Criminal Appeals has thoroughly analyzed and rejected this argument. See
Luquis v. State, 72 S.W.3d 355, 364-68 (Tex. Crim. App. 2002). Accordingly, Price’s second
point is overruled.
 

      We affirm the judgment.
 

                                                                   FELIPE REYNA
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna
Affirmed
Opinion delivered and filed June 2, 2004
Publish
[CRPM]